Nov. Term,
1855.

THE STATE on the relation of SALE *v.* RUSH and Another.

THE STATE
v.
RUSH.

Any agent whose duty it is to protect or preserve a fund belonging to a county, is a proper relator in an action to recover a loan from it.

ERROR to the *Vermillion* Circuit Court.

Tuesday,
December 11.

GOOKINS, J.—*The State*, on the relation of *Sale*, commissioner of the three per cent. fund for *Vermillion* county, declared against *Rush* and *Newlin* in debt, upon a note made by them, payable to the state, for the payment of a sum of money which the declaration alleges was a part of 1,000 dollars of the three per cent. fund allotted to *Vermillion* county, for the erection of a bridge over the *Big Vermillion* river, by an act approved *February* 8, 1836; with the further averments that by an act approved *February* 14, 1839, the board of commissioners of said county were authorized to loan said fund, and that *Sale* was duly appointed commissioner of said fund, pursuant to the second and third sections of the act of *February* 8, 1836, who loaned the money in the note mentioned to the defendants. Breach in the common form.

General demurrer to the declaration, and judgment for the defendants.

The act of 1836, p. 72, appropriates to each county in the state 2,000 dollars out of the three per cent. fund, and authorizes the appointment of a commissioner to superintend the application of it to the construction and repair of roads and bridges. The 9th section appropriates 1,000 dollars of the sum allowed to *Vermillion* county, to the erection of a bridge over the *Big Vermillion* river. The 10th section appoints three commissioners, by name, to superintend the construction of said bridge.

The act of 1839, (Local Laws, p. 330, s. 2,) authorizes the board of commissioners of *Vermillion* county to cause said sum of 1,000 dollars to be loaned at a rate of interest not less than eight per cent. per annum.

We are unable to find any substantial defect in this declaration, and none is pointed out by the defendants in

error. The plaintiff in error informs us that the ground upon which the Circuit Court held the declaration insufficient, was, that *Sale* was not a proper relator. It was decided by this Court, in the case of *Shook* v. *The State*, 6 Ind. R. 113, that any agent whose duty it was to protect or preserve a fund belonging to the county, might be properly a relator in an action to recover a loan from it.

*Per Curiam.*— The judgment is reversed with costs. Cause remanded, with leave to the defendants to withdraw their demurrer and plead.

*J. P. Usher*, for the state.

*J. A. Wright* and *E. W. McGaughey*, for the defendants.